IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03780-NYW

LIJUAN WANG,

    Plaintiff,

v.

ALLIANCE FOR SUSTAINABLE ENERGY, LLC,

    Defendant.

## ORDER ON MOTION TO COMPEL

Magistrate Judge Nina Y. Wang

This matter is before the court on Alliance for Sustainable Energy, LLC's Motion to Compel Production of Documents from TechFocus LLC (the "Motion" or "Motion to Compel") [Doc. 31, filed January 28, 2022]. The court considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes dated February 22, 2021. [Doc. 15]. Upon review of the Motion and the applicable case law, the Motion to Compel is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

Plaintiff Lijuan Wang ("Plaintiff" or "Dr. Wang") initiated this employment discrimination action through counsel on December 23, 2020, *see* [Doc. 1], and filed an Amended Complaint on January 27, 2021. [Doc. 6]. Dr. Wang alleges that her former employer, Alliance for Sustainable Energy, LLC ("Defendant" or "Alliance") discriminated against her on the basis of sex, race, ancestry, ethnicity, color, and national origin and retaliated against her for complaining of such discrimination. *See, e.g.*, [*id.* at ¶¶ 125-27, 130-40]. In its Amended Answer, Alliance raised an

affirmative defense asserting that Plaintiff's claims may be barred by a failure to mitigate damages. [Doc. 24 at 19, ¶ 3].

Little action occurred on this case's formal docket until January 3, 2022, when Plaintiff's attorneys filed an Opposed Motion to Withdraw[] as Counsel for Plaintiff (the "Motion to Withdraw"). [Doc. 26]. That same day, Defendant filed a response indicating that it opposed the Motion to Withdraw due to an outstanding discovery dispute "relat[ing] to a document subpoena served on TechFocus LLC (a company of which Plaintiff is the business owner) on November 4, 2021" (the "Subpoena"). [Doc. 27 at ¶ 4]. Defendant represented in its opposition that Plaintiff's counsel had confirmed in November of 2021 "that Plaintiff was addressing the [S]ubpoena and would produce the documents [requested] by the deadline," but that the documents eventually produced by Plaintiff were incomplete. [*Id.*]. Defendant represented that despite additional conferral with Plaintiff's counsel, "Plaintiff ha[d] still not provided the [requested] documents." [*Id.*]. Alliance requested that this apparent outstanding discovery dispute be resolved before Plaintiff's counsel be permitted to withdraw. [*Id.* at ¶ 5].

This court held a Status Conference on the Motion to Withdraw on January 19, 2022. [Doc. 29]. At the Status Conference, Plaintiff's counsel represented that all documentation requested by Defendant had been produced, though defense counsel disagreed with this assertion. [*Id.*]. The court informed Defendant that it would need to file a formal motion to compel if it believed that there were outstanding discovery materials yet to be produced. [*Id.*]. The court granted the Motion to Withdraw, and Dr. Wang began to represent herself in this matter. [*Id.*].

On January 28, 2022, Defendant filed the instant Motion to Compel, seeking to compel the production of documents from Plaintiff's company, TechFocus, LLC ("TechFocus"). [Doc. 31]. Alliance simultaneously filed a Motion for Summary Judgment. [Doc. 30]. This court set a

2

response deadline for March 23, 2022 for both the Motion to Compel and the Motion for Summary Judgment. [Doc. 33]. On March 30, 2022, new counsel entered an appearance on behalf of Dr. Wang. [Doc. 35]. Neither TechFocus nor Dr. Wang[1] filed a response to the Motion to Compel, nor did they seek an extension of time to do so.[2] Accordingly, the Motion to Compel is ripe for disposition. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

## LEGAL STANDARDS

**I.      Rule 26(b)(1)**

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of permissible discovery in this action. Fed. R. Civ. P. 26(b)(1). The Rule permits discovery regarding any nonprivileged matter that is both relevant to any party's claim or defense and proportional to the needs of the case. *Id.* Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R.

---

[1] It is not clear that Dr. Wang would have standing to file a response to the Motion to Compel. "In this district, a party has no standing to quash a subpoena served on a third party, except as to claims of privilege or upon a showing that a privacy issue is implicated." *E.E.O.C. v. Original Honeybaked Ham Co. of Ga.*, No. 11-cv-02560-MSK-MEH, 2012 WL 934312, at *2 (D. Colo. Mar. 19, 2012) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)). Although Dr. Wang is a principal of TechFocus, she has filed no response or invoked any privilege. *See Braswell v. United States*, 487 U.S. 99, 109-10 (1988) (observing that a "corporate custodian" holds corporate or entity records "in a representative rather than a personal capacity" and he "may not resist a subpoena for corporate records on Fifth Amendment grounds.").

[2] On March 30, 2022, Plaintiff filed a motion for an extension of time to respond to the Motion for Summary Judgment, but did not seek any relief related to the deadline to respond to the Motion to Compel. *See* [Doc. 36]. This court granted the motion for an extension of time, and Plaintiff filed a response to the Motion for Summary Judgment on April 11, 2022. [Doc. 44]. The Motion for Summary Judgment is fully briefed, *see* [Doc. 45], and remains pending before this court.

Evid. 401. And in defining the scope of appropriate discovery, parties and the court are directed to consider the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

"When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004). However, when the relevance of a discovery request or device is not apparent on the face of the request itself, the proponent of the discovery bears the burden of showing the relevancy of the request. *Cunningham v. Standard Fire Ins. Co.*, No. 07-cv-02538-REB-KLM, 2008 WL 2668301, at *1 (D. Colo. July 1, 2008).

**II.     Rule 45**

Rule 45 of the Federal Rules of Civil Procedure governs the use of subpoenas. In relevant part, Rule 45 permits a party to an action to serve a nonparty with a subpoena commanding the nonparty to produce designated documents within that nonparty's possession, custody, or control. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). A subpoena served on a third party pursuant to Rule 45 is considered discovery within the meaning of the Federal Rules of Civil Procedure, *Rice v. United States*, 164 F.R.D. 556, 556-57 (N.D. Okla. 1995), and thus must comply with the same standards that govern discovery between the parties: to be enforceable, a subpoena must seek information that is relevant to a party's claims or defenses and proportional to the needs of the case. Fed. R.

4

Civ. P. 26(b)(1); *see also Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003) (citing Fed. R. Civ. P. 45(d)(1) advisory committee's note to the 1970 Amendment) (observing that it is "well-settled" that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure). "In determining whether to grant a motion to compel non-party production under Rule 45, courts 'consider the burden on the nonparty, relevance, the requesting party's need for the documents, the breadth of the document request, and the time period covered by the request.'" *Al Muderis v. Hernandez*, No. 20-mc-00090-RM, 2021 WL 119348, at *2 (D. Colo. Jan. 13, 2021) (quoting *Premier Election Sols., Inc. v. Systest Labs Inc.*, No. 09-cv-01822-WDM-KMT, 2009 WL 3075597, at *2 (D. Colo. Sept. 22, 2009)). "While the court has considerable discretion with regard to regulating discovery which is exchanged in a lawsuit, discovery from third-parties in particular must, under most circumstances, be closely regulated." *Premier Election Sols.*, 2009 WL 3075597, at *3.

## ANALYSIS

Defendant asks this court to enter an order compelling "TechFocus LLC through its owner, Plaintiff" to produce additional documents in response to the Subpoena's second request ("Request No. 2"). [Doc. 31 at 12]; *see also* [*id.* at 9 ("Plaintiff Must Comply With the Subpoena"); *id.* at 11 (Defendant requesting that the court "compel Plaintiff to comply with the subpoena")]. As a preliminary matter, the court concludes that it cannot order Plaintiff, in her individual capacity, to respond to the Subpoena, which was directed to TechFocus—not Plaintiff. *See* [Doc. 31-5]. Defendant has cited no legal authority demonstrating that the court may order a party who was not named in a subpoena to respond to the subpoena. *See generally* [Doc. 31]. Nor is there any authority cited by Defendant to suggest that a principal of a corporation must respond in her personal capacity. *Cf. Braswell v. United States*, 487 U.S. 99, 109-10 (1988) (observing that in

5

the context of the application of the Fifth Amendment, a "corporate custodian" holds corporate or entity records "in a representative rather than a personal capacity"). Accordingly, the court considers whether an order compelling TechFocus to respond to the Subpoena is warranted here.

I.  **TechFocus's Purported Failure to Respond to the Subpoena**

Consideration of Defendant's arguments first requires an understanding of the procedural posture relevant to the instant Motion. In its first set of discovery requests to Plaintiff, Alliance submitted interrogatories inquiring into, *inter alia*, all employment positions held by Plaintiff from January 1, 2016 through the present and all compensation, income, or benefits received by Plaintiff since her separation from Alliance. [Doc. 31-1 at 7-8]. In her supplemental discovery responses submitted on October 22, 2021, Dr. Wang identified TechFocus as an employer as of July 2021, representing that she earned $3,800 per week through this employment. [Doc. 31-2 at 3, 16]. Alliance then deposed Plaintiff on November 2, 2021, at which time Defendant states "it became clear . . . that TechFocus was a much more significant venture than Plaintiff's discovery responses indicated," as Dr. Wang had testified that she is an owner and member of TechFocus and that TechFocus had realized revenues of $500,000 in 2019 and $2,000,000 in 2020. [Doc. 31 at 4]. Dr. Wang subsequently served a second supplement to her discovery responses, wherein she stated that she earned $3,800 (before taxes) per month from TechFocus "in May, June, July, August, September, and October 2021." [Doc. 31-3 at 3, 8].

Alliance then served the Subpoena on TechFocus, including Request No. 2, which sought:

> Any documents relating to revenue collected and money received from any source by TechFocus since its formation through present, separated out by year. This includes, but is not limited to billing statements, invoices, bank statements, internal financial reports, and external financial reports prepared by accountants or other consultants.

[Doc. 31-5 at 6]. In response to this Request, TechFocus produced its tax returns for 2019 and 2020. *See* [Doc. 31-10]. According to Defendant, TechFocus "did not provide any additional documents" in response to Request No. 2. [Doc. 31 at 5-6].

Alliance argues that TechFocus's 2020 tax return is inconsistent with Plaintiff's discovery responses, in which she did not identify any income received from TechFocus in 2020. [*Id.* at 6]. Specifically, Alliance asserts that TechFocus's 2020 tax return "shows that it earned $81,445 in Colorado income and that Plaintiff has 100% ownership in that income," and argues that if that income was, indeed, distributed to Plaintiff, it should have been included in Plaintiff's discovery responses. [*Id.*]. Furthermore, Defendant suggests that Plaintiff's representation that she received a monthly income from TechFocus only from May 2021 through October 2021 "appears to be inconsistent with other information" provided by Plaintiff, such as her position as the sole owner of TechFocus since 2017. [*Id.*]. Defendant argues that "[t]his is another example of how the requested, but unproduced, TechFocus revenue documents are necessary to understand the payments made by TechFocus to Plaintiff since its formation in 2017." [*Id.*].[3] Alliance states that it needs the documents requested in the Subpoena "to understand how TechFocus' revenue distribution has changed this year from income paid through TechFocus, as shown in the 2019 and 2020 tax returns, to paying monthly wages to Plaintiff." [*Id.*].

II.   **Whether TechFocus Should be Compelled to Respond Further to the Subpoena**

Defendant seeks an order compelling TechFocus to "respond to" Request No. 2, i.e., to produce "[a]ny documents relating to revenue collected and money received from any source by TechFocus since its formation through present, separated out by year," which includes but is not

---

[3] Defendant's Motion seeks only to compel the disclosure of documents from TechFocus; accordingly, the court does not pass on any assertion made by Defendant with respect to the sufficiency of Plaintiff's discovery responses.

limited to "billing statements, invoices, bank statements, internal financial reports, and external financial reports prepared by accountants or other consultants from formation to present." [Doc. 31-5 at 6; Doc. 31 at 10]. TechFocus did not file a motion to quash the Subpoena, nor did it respond in opposition to the Motion to Compel. The failure to file a timely motion to quash typically constitutes a waiver of any objections to the subpoena. *Nelson v. State Farm Fire & Cas. Co.*, No. CV 19-907 RB/KK, 2020 WL 7248186, at *2 (D.N.M. Dec. 9, 2020).[4] The fact that the Motion to Compel is seemingly unopposed, however, does not necessitate an automatic grant of the Motion. Indeed, the court has an independent obligation under Rule 26(b) to determine whether the proposed discovery is within the scope of Rule 26(b)(1)—i.e., whether it is is proportional to the needs of the case and is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(2)(C)(iii).

*Relevance*. As explained above, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401. The court "broadly construes relevancy, and a request for discovery should be considered relevant if it is possible that the information sought may be relevant to the claim or defense of any party." *Church v. Dana Kepner Co.*, No. 11-cv-02632-CMA-MEH, 2013 WL 24437, at *4 (D. Colo. Jan. 2, 2013). But "when a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Cunningham*, 2008 WL 2668301, at *1.

---

[4] Defendant does not indicate whether TechFocus did or did not submit any objections to the subpoena. *See* [Doc. 31]. Like the failure to file a motion to quash, the failure to file written objections to a subpoena "typically constitutes a waiver of such objections." *Nelson*, 2020 WL 7248186, at *2.

8

Alliance argues that Request No. 2 seeks documents that are relevant to this case because Dr. Wang has a duty to mitigate her damages and the documents would help ascertain whether Dr. Wang has done so. [Doc. 31 at 9]. According to Defendant, the documents at issue here are "necessary to see what wages Plaintiff earned prior to May 2021, and how Plaintiff's wages and income changed over time." [*Id.* at 10]. Defendant asserts that if Plaintiff has earned wages or income that exceed her claimed damages for front pay, Plaintiff would be unable to recover any front pay damages. [*Id.*].

Generally speaking, by making a claim for lost income, a plaintiff is said to have placed his or her post-termination income at issue in a case. *Johnson v. Soo Line R.R. Co.*, No. 17 C 7828, 2019 WL 4037963, at *2 (N.D. Ill. Aug. 27, 2019). "[W]rongfully discharged claimants have an obligation to use reasonable efforts to mitigate their damages," *EEOC v. Sandia Corp.*, 639 F.2d 600, 627 (10th Cir. 1980), including plaintiffs seeking back pay or front pay. *Walshe v. Zabors*, 178 F. Supp. 3d 1071, 1086 (D. Colo. 2016); *Carrasco v. Centura Health Corp.*, No. 19-cv-00357-LTB-KMT, 2021 WL 4913983, at *2 (D. Colo. June 18, 2021). For this reason, documents setting out a plaintiff's post-termination income or compensation are often deemed relevant to the issues of damages and mitigation. *See, e.g.*, *Frappied v. Affinity Gaming Black Hawk, LLC*, No. 17-cv-01294-RM-NYW, 2018 WL 1899369, at *5 (D. Colo. Apr. 20, 2018); *Breuder v. Bd. of Trustees of Cmty. Coll. Dist. No. 502*, No. 15 CV 9323, 2021 WL 229656, at *2 (N.D. Ill. Jan. 22, 2021); *Neri v. Albuquerque Pub. Sch.*, No. CV 19-8 JCH/SCY, 2019 WL 4889015, at *2 (D.N.M. Oct. 3, 2019); *Dancy v. Lanxess Corp.*, No. 19-cv-02690-SHL-TMP, 2020 WL 5262311, at *3 (W.D. Tenn. Sept. 3, 2020).

But here, Defendant seeks the financial information of TechFocus, not Plaintiff. TechFocus is not a party to this case and its revenue is therefore not directly at issue. *Cf. E.E.O.C.*

9

*v. Kim & Ted, Inc.*, No. 95 C 1151, 1995 WL 591451, at *4 (N.D. Ill. Oct. 3, 1995) (barring discovery of non-class members tax records because "[n]on-class members are not litigants; their income is not at issue."). And while Defendant argues generally that the documents it has requested are relevant to Plaintiff's claims of damages (and any mitigation thereof), *see* [Doc. 31 at 6, 9], Defendant cites no legal authority in direct support of this assertion,[5] and Defendant does not explain why the *specific documents* requested in Request No. 2, which is a broad request for all documents relating to *TechFocus's* collected revenue from its formation to the present, are relevant to whether *Plaintiff* has mitigated her damages since her termination from Alliance. *See generally* [*id.*].

For example, Alliance states that it needs the requested documents to "understand the payments made by TechFocus to Plaintiff since its formation in 2017" and to "understand how TechFocus' revenue distribution has changed this year from income paid through TechFocus, as shown in the 2019 and 2020 tax returns, to paying monthly wages to Plaintiff." [*Id.* at 6]. The court understands Defendant's argument to be an assertion that, as TechFocus's owner, Dr. Wang must have or likely received money from TechFocus prior to receiving a monthly income beginning in May 2021, and thus, Defendant believes Dr. Wang's discovery responses are inconsistent or incomplete. *See generally* [*id.*]. Defendant thus seeks financial information of

---

[5] Defendant cites *Camayo v. John Peroulis & Sons Sheep, Inc.*, No. 10-cv-00772-MSK-MJW, 2012 WL 5931716, at *2 (D. Colo. Nov. 27, 2012), asserting that in this case, the court "[found] defendants' request for production relevant to the issues of plaintiffs' damages and mitigation of damages." [Doc. 31 at 9]. *Camayo* was a case arising out of alleged human trafficking and forced labor and involved claims under the Trafficking Victims Protection Reauthorization Act, the Colorado Wage Claim Act, the Fair Labor Standards Act, and various common law tort claims. 2012 WL 5931716, at *1. The defendants sought in discovery (1) details of the plaintiffs' efforts to obtain visas, and (2) all documents related to the plaintiffs' efforts to obtain visas. *Id.* The court ultimately concluded that the discovery requests were relevant to the plaintiffs' mitigation of emotional and mental distress damages. *Id.* at *2. Defendant does not explain why this case is analogous to the instant matter, and the court concludes that it is not.

TechFocus to attempt to ascertain whether Plaintiff received any undisclosed compensation from TechFocus. [*Id.*]. But Alliance does not adequately explain why the nature or history of the payments, if any, made by TechFocus to Dr. Wang prior to Dr. Wang's July 2020 termination from Alliance are actually relevant to Plaintiff's mitigation of damages after her termination. *See generally* [*id.*]; *see also Queen v. City of Bowling Green*, No. 1:16-cv-00131-JHM, 2017 WL 4355689, at \*6 (W.D. Ky. Sept. 29, 2017) (concluding that while payroll and benefits records following the employee's constructive discharge were relevant to mitigation issue, the same records from the employee's former employers prior to the termination were "not relevant within the scope of Rule 26(b)(1) to the issues of . . . damages[] and mitigation"); *Stewart v. Orion Fed. Credit Union*, 285 F.R.D. 395, 399 (W.D. Tenn. 2012) ("The plaintiffs' prior wage history is not relevant to their damages or the issue of mitigation."). Absent any clear explanation from Defendant, the court is respectfully unpersuaded that such a broad scope of documents is required to "understand" the nature and history of payments made by TechFocus to Dr. Wang or that "payments made by TechFocus to Plaintiff since its formation in 2017" are relevant to the issue of mitigation of damages. *Queen*, 2017 WL 4355689, at \*6.

Moreover, Request No. 2 is overly broad on its face, seeking much more than "information regarding Plaintiff['s] compensation and benefits earned . . . after her termination," *Frappied*, 2018 WL 1899369, at \*5, and Defendant has made no effort in its Motion to Compel to narrow—or even provide more detail to—its request. *See* [Doc. 31 at 10 ("The information requested in the subpoena that was not produced[] includes TechFocus' billing statements, invoices, bank statements, internal financial reports, and external financial reports prepared by accountants or other consultants from formation to present.")]. Request No. 2 seeks a wide swath of documents, much of which would almost certainly be irrelevant to the issue of mitigation of damages; indeed,

11

the production of "[a]ny documents relating to revenue collected and money received from any source," including billing statements, invoices, or external financial reports, [Doc. 31-5 at 6 (emphasis added)], would likely produce numerous documents that would not reflect any payments made to Dr. Wang after her termination and which would accordingly not be relevant to the issue of mitigation. *Queen*, 2017 WL 4355689, at *6. It is not entirely clear that any income derived from TechFocus's work is an appropriate substitute for the income Dr. Wang earned from Defendant. For these reasons, the court respectfully concludes that Defendant has not established that the wholesale swath of documents sought in Request No. 2 are relevant to this action. *Cunningham*, 2008 WL 2668301, at *1.

***Proportionality***. Defendant does not directly address whether the requested discovery is proportional to the needs of the case. *See generally* [Doc. 31]. At best, it suggests that "the requested but not produced documents likely exist and are easily accessible," [*id.* at 10], but Defendant does not address whether the scope of its request is proportional to the purpose for which the discovery is sought—to determine whether Plaintiff mitigated her damages. In considering whether the discovery sought is proportional, the court weighs the importance of the discovery to the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

As determined above, Subpoena Request No. 2 is overly broad on its face. *See also Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *7 (D. Colo. Feb. 8, 2010) (explaining that discovery requests using language such as "relating to" or "all documents" are typically considered overbroad). If Defendant's intention in subpoenaing

TechFocus is truly to ascertain any additional, undisclosed income earned by Plaintiff to determine whether Plaintiff's damages have been mitigated, it is unclear why a request seeking "[a]ny documents relating to revenue collected and money received from any source by TechFocus since its formation through present" is proportional to this purpose. Indeed, much of the information sought—including billing statements, invoices, or external financial reports—would undoubtedly be irrelevant to this action. *Cf. Strand v. USANA Health Scis., Inc.*, No. 2:17-cv-00925-HCN-PMW, 2020 WL 33443, at *3 (D. Utah Jan. 2, 2020) (finding that requests for "all documents relating to or evidencing [the plaintiff's] income since January 1, 2020, including without limitation, W-2s, K-1s, financial statements, tax returns, other tax records or notices, and bank statements and records," which the defendant asserted was relevant to the plaintiff's mitigation of damages, was "expansively drafted," lacked proper framing, and would result in a fishing expedition); *Queen*, 2017 WL 4355689, at *6. And the court is not persuaded that simply because Dr. Wang is an owner or member of TechFocus, all documents reflecting TechFocus's revenue should be produced pursuant to the Subpoena. In sum, Request No. 2—which would require TechFocus to produce every single invoice or billing statement that it has issued in the five years since its formation—is not appropriately tailored to the purpose for which Alliance seeks the requested discovery.

***Rule 26 Considerations***. Finally, the court briefly *sua sponte* addresses Rule 26(b)(2)(C), which provides that a court must, "[o]n motion or on its own," limit the extent of discovery if the court finds that the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). The court reiterates that Alliance's stated reason for issuing the Subpoena is to ascertain whether Plaintiff has mitigated her damages. *See* [Doc. 31 at 9, 10]. But the court notes that the Subpoena also

requested "[a]ll compensation or <u>payments of any kind</u> made to Lijuan Wang, any member of TechFocus, and all current and former employees or independent contractors associated with TechFocus since its formation, separated out by year" ("Request No. 4"). [Doc. 31-5 at 6]. Defendant does not represent that TechFocus failed to respond to Request No. 4 or that TechFocus's response was inadequate, nor does Defendant explain why TechFocus's response to this Request does not provide Alliance the information it seeks. *See* [Doc. 31]. Moreover, insofar as Alliance seeks to understand how much revenue TechFocus has received, Alliance concedes that it possesses TechFocus's 2019 and 2020 tax returns, which would seemingly provide information concerning the amounts of revenue realized by TechFocus during those years.[6] [Doc. 31 at 9-10].

In any event, the court believes that Alliance could have obtained the information it seeks through less burdensome means—indeed, Alliance has submitted interrogatories to Plaintiff requesting a month-by-month accounting of "all compensation, income or benefits [she has] earned or received since [her] separation from Alliance," [Doc. 31-2 at 10], and Defendant represents that Plaintiff has answered this question and has produced "a document evidencing her paychecks from TechFocus." [Doc. 31 at 10]; *see also Burch v. P.J. Cheese, Inc.*, No. 2:09-cv-1640-SLB, 2010 WL 9081738, at *3 n.3 (N.D. Ala. Aug. 20, 2010) (opining that there were "several" less intrusive means to obtain the plaintiff's wage information aside from subpoenaing

---

[6] Defendant asserts that "[w]hile the tax returns provide information about income distributed to Plaintiff, they do not provide information about what wages Plaintiff earned in 2019 and 2020." [Doc. 31 at 10]. But again, Defendant does not explain why wages earned by Plaintiff in 2019 would be relevant to the mitigation of her damages. *See generally* [*id.*]; *see also Queen*, 2017 WL 4355689, at *6. Moreover, Defendant does not provide any details about the documents, if any, it received in from Request No. 4. *See generally* [Doc. 31]. Absent a detailed argument from Alliance, the court cannot assume that the documents already provided to Alliance are inadequate to serve the purposes of the Subpoena.

14

the plaintiff's employer, including through the plaintiff's "W-2 Wage and Tax Statements"). While the court understands that Defendant is not satisfied with Plaintiff's answer to its interrogatory, the court cannot conclude that the next logical step is to subpoena TechFocus for all documents related to its collected revenue from its formation through the present. Accordingly, Defendant has not "convince[d] the Court that [it cannot] obtain the information [it seeks] from another source." *Denver Homeless Out Loud v. Denver*, No. 20-cv-02985-WJM-SKC, 2020 WL 7230641, *3 (D. Colo. Dec. 8, 2020).

In sum, the court cannot conclude that Defendant has met its burden of establishing that the Subpoena requests information which is relevant, proportional to the needs of the case, and which cannot be obtained through less burdensome means. Accordingly, the court will **DENY** the Motion to Compel **IN PART**, to the extent it seeks a blanket court order requiring TechFocus to respond to Request No. 2 as written, as it is not the court's burden to narrow Defendant's Subpoena absent any suggested narrowing from Defendant itself. *Church Mut. Ins. Co. v. Coutu*, No. 17-cv-00209-RM-NYW, 2017 WL 4236318, at *7 (D. Colo. Sept. 25, 2017).

However, notwithstanding the court's present conclusion that Defendant has not met its burden on the Motion to Compel, the court notes that Defendant represents that "no financial information for TechFocus has been produced for 2021." [Doc. 31 at 10]. Defendant contends that documents reflecting TechFocus's 2021 revenue, including any distribution of that revenue to Plaintiff, could be relevant to the issue of damages—and Plaintiff's mitigation thereof. Absent any argument or information to the contrary, this court notes that other courts have found such information relevant.[7]  *Cf. Neri*, 2019 WL 4889015, at *2 ("Plaintiff's claim to lost wages makes

---

[7] Neither Plaintiff nor TechFocus provides any information with respect to TechFocus that may be material to such an analysis, such as the business of TechFocus or the number of hours of work performed by Dr. Wang on behalf of TechFocus.

15

her income following her departure from APS relevant because she has a duty to mitigate her damages. If her business did make money, her claim for lost wages is proportionately smaller.").[8]

Accordingly, the court will **GRANT** the Motion to Compel **IN PART**, insofar as it can be construed to seek documents reflecting TechFocus's 2021 revenue and/or distribution of payments to Plaintiff. TechFocus **SHALL RESPOND** to the Subpoena, insofar as it seeks documents reflecting TechFocus's 2021 revenue and TechFocus's distribution of funds to Plaintiff, on or before **May 23, 2022**. In so ruling, this court does not pass on the substantive issue of whether TechFocus's income mitigates against any damages suffered by Dr. Wang due to her termination from Defendant.

## III.    Defendant's Request for Fees

Finally, Defendant "requests that this Court sanction Plaintiff by awarding Alliance their reasonable and necessary attorneys' fees and expenses incurred in preparing and filing this Motion to Compel which was necessitated by Plaintiff's failure to comply with the subpoena," relying on Rule 37(a)(5) of the Federal Rules of Civil Procedure. [Doc. 31 at 11]. Rule 37(a)(5) provides that if a motion to compel discovery under Rule 37 is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

But a number of courts have held that Rule 37(a)(5) "does not apply to motions to compel compliance with a subpoena issued to a non-party under Rule 45." *In re: Motor Fuel Temperature Sales Pracs. Litig.*, No. 07-MD-1840-KHV, 2010 WL 11431875, at *6 (D. Kan. July 7, 2010); *Se. Mech. Servs., Inc. v. Brody*, No. 1:09-cv-0086-GETS, 2009 WL 3095642, at *12-13 (N.D. Ga.

---

[8] The court again notes that Defendant does not object to TechFocus's responses to the Subpoena request concerning the wages or compensation paid to Dr. Wang, as well as any other employees or independent contractors. *See generally* [Doc. 31].

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1)     Alliance for Sustainable Energy, LLC's Motion to Compel Production of Documents from TechFocus LLC [Doc. 31] is **GRANTED in part** and **DENIED in part** as set forth in this Order;

(2)     TechFocus LLC is **COMPELLED** to respond to the Subpoena, on or before **May 23, 2022**, insofar as the Subpoena seeks documentation of TechFocus's 2021 revenue and/or any distribution of 2021 revenue from TechFocus to Plaintiff;

(3)     Defendant **SHALL SERVE** a copy of this Order on TechFocus LLC; and

(4)     All other discovery **REMAINS CLOSED**.

DATED:  May 12, 2022                                    BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge